**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4522**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

DERRY DREW PYLES,

Defendant - Appellee.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-5497)

Submitted: February 12, 2008          Decided: April 4, 2008

Before WILLIAMS, Chief Judge, and NIEMEYER and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Zelda Elizabeth Wesley, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, Rita R. Valdrini, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellant. James Bryan Zimarowski, Morgantown, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derry Drew Pyles was sentenced to a term of five years probation with six months home confinement following his plea of guilty to one count of aiding and abetting the distribution of crack cocaine, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2007). On appeal, we reversed Pyles's sentence, explaining that, although we "appreciate[d] the thoughtfulness" of the district court's opinion, given that Pyles's advisory Guideline range was 63 to 78 months imprisonment, a sentence of probation, did "not reflect the seriousness of Pyles's offense or provide a just punishment." United States v. Pyles, 482 F.3d 282, 283 (4th Cir. 2007). The United States Supreme Court granted Pyles's petition for certiorari, vacated our earlier opinion, and remanded the case to our court for further consideration in light of Gall v. United States, 128 S. Ct. 586 (2007). Pyles v. United States, 76 U.S.L.W. 3343 (U.S. Jan 7, 2008). Applying the "deferential abuse-of-discretion standard" mandated by Gall, 128 S. Ct. at 591, we now affirm Pyles's sentence.

I.

The facts are sufficiently set forth in our earlier opinion, see Pyles, 482 F.3d at 283-86, and we only briefly revisit them here.

2

During the late spring and early summer of 2004, Pyles came to the attention of West Virginia State Police investigators who were looking into crack-cocaine distribution in the area of Morgantown, West Virginia. As part of this investigation, an undercover officer purchased $100 quantities of crack cocaine at Pyles's home on several occasions in June 2004.

On March 1, 2005, a federal grand jury in the Northern District of West Virginia indicted Pyles, charging him with conspiracy to distribute in excess of five grams of cocaine base ("crack cocaine"), in violation of 21 U.S.C.A. §§ 846 (West 1999 & Supp. 2006) and 841(b)(1)(B)(iii), and with three counts of distributing .15, .23, and .33 grams of crack cocaine (reflecting the controlled buys by the undercover officer), in violation of §§ 841(a)(1), (b)(1)(C). On May 6, 2005, pursuant to a plea agreement with the Government, Pyles pleaded guilty to one count of aiding and abetting the distribution of .23 grams of crack cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(C).

In the presentence report ("PSR") prepared by the probation officer for sentencing, Pyles's total Guideline offense level was calculated as 25 based upon the amount of crack cocaine attributable to him and taking into account a three-level reduction for his acceptance of responsibility. Considering Pyles's various adult criminal convictions, the PSR determined that Pyles fell

3

within a criminal history category of II.[1]  With this offense level and criminal history, the district court correctly calculated Pyles's advisory Guidelines range as 63 to 78 months imprisonment.

The district court ultimately sentenced Pyles to five years probation with six months home confinement.  In Pyles, we explained the district court's rationale as follows:

> On April 24, 2006, the district court entered a Judgment in a Criminal Case and included a twenty-two page statement explaining its reasons for imposing a variance sentence of probation.  The well-written statement analyzed in detail how the facts of Pyles's case comported with the sentencing factors of § 3553(a).  Starting with the factor of § 3553(a)(1), "the nature and circumstances of the offense and the history and characteristics of the defendant," the district court stated that "Pyles'[s] history and characteristics were determinative.  His personal rehabilitative efforts both pre- and post-conviction have been extraordinary, and beyond anything seen in other criminal cases this judge has handled during almost fourteen years of criminal sentencing under the guidelines." (J.A. at 137.)  The district court observed that Pyles abruptly stopped using drugs more than six months before he was indicted and that Pyles had continued on a path of rehabilitation by proving himself to be a good employee, repaying past debts, rectifying a DUI offense, and abstaining from drugs.
>
> The district court recognized that, while Pyles's rehabilitation was extraordinary, his drug distribution offense was serious.  See 18 U.S.C.A. § 3553(a)(1) (requiring sentencing courts to consider the "nature and circumstances of the offense").  In fact, the district court concluded that the one count of aiding and abetting distribution to which Pyles pleaded guilty did not

---

[1]The PSR included in Pyles's criminal history determination his two convictions for driving under the influence ("DUI") and one conviction for domestic battery.  Pursuant to U.S. Sentencing Guidelines Manual, § 4A1.2(c) (2004), the PSR excluded from Pyles's criminal history determination two convictions for driving while his license was revoked for DUI.

4

actually reflect the extent or seriousness of Pyles's offense. As the court explained, "Pyles' offense was part of a quintessential crack case involving a significant amount of a dangerous drug, multiple sales, and numerous people." (J.A. at 145.)

With these facts in mind, the district court then proceeded to consider the need for Pyles's sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C.A. § 3553(a)(2). The district court concluded that "a sentence of probation will allow Pyles to complete valuable vocational training and take advantage of available opportunities for advancement at work in the most effective manner." (J.A. at 146 (citing § 3553(a)(2)(D)).) Because Pyles had been monitored for drug use and tested negative at every screening during the six months prior to his indictment, the district court concluded that "incarceration is not necessary to protect the public from further crimes by Pyles, (18 U.S.C. § 3553(a)(2)(C)), and a sentence of probation that includes home confinement will sufficiently restrict his freedom to deter any risk of future criminal conduct. (18 U.S.C. § 3553(a)(2)(B))." (J.A. at 147.) Although it noted that aiding and abetting the distribution of crack cocaine was a serious offense, the district court concluded that a variance sentence of 5 years' probation was sufficient, but not greater than necessary, to punish Pyles for his offense.

Finally, the district court considered whether the variance sentence would create "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C.A. § 3553(a)(6). Although expressly acknowledging that Pyles's variance sentence would indeed create a sentencing disparity relative to other defendants convicted of distributing crack cocaine, the district court concluded that the disparity was warranted because of Pyles's unique rehabilitation. (J.A. at 149-50 ("[I]ncarceration [of Pyles] would be a gross mistake, a warehousing effort that would be a poor substitute for the positive rehabilitative influence Pyles has found in work, counseling, and education outside the correctional system.").)

Having determined that a variance sentence was warranted under § 3553(a), the district court analyzed whether the extent of the variance sentence was justified by comparing Pyles's case with our decision in United States v. Moreland, 437 F.3d 424 (4th Cir. 2006), which vacated a variance sentence because the extent of the variance -- a reduction from 360 months to 120 months' imprisonment -- was unreasonable. Id. at 437. The district court observed that in Moreland the extent of the variance was unreasonable because the defendant in that case was a repeat drug offender and because the defendant's "'desultory pursuit of his education and his spotty employment history . . . can provide little confidence in his willingness to become a productive member of society, irrespective of his ability to do so.'" (J.A. at 151 (quoting Moreland, 437 F.3d at 437.).) By contrast, the district court concluded that Pyles was unlike the defendant in Moreland because Pyles was "not a repeat drug offender." (J.A. at 151.) Further, unlike the defendant in Moreland, Pyles not only "exhibited a willingness to become a productive member of society . . . he has achieved that goal." (J.A. at 152.) For these reasons, the district court concluded that it was reasonable to impose a variance sentence of 5 years' probation with a condition of 6 months' home confinement.

Pyles, 482 F.3d at 285-86 (alteration in original).


II.

A.

The Gall Court reiterated that appellate review of sentencing decisions should follow a two-step process. First, a reviewing court should "ensure that the district court committed no significant procedural error." Gall, 128 S. Ct. at 597. Significant procedural errors can include failure to calculate a proper Guidelines range, or failure to consider the § 3553(a) factors. Id. If the district court's decision is free from

significant procedural errors, "the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard" by looking to the "totality of the circumstances, including the extent of any variance from the Guidelines range." Id. "If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." Id.

In reviewing sentences outside the Guidelines range, the appellate court "may not apply a presumption of unreasonableness." Id. In addition, although an appellate court "may consider the extent of the deviation," it "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id.

B.

As we noted in our earlier opinion, "[t]here is no contention that Pyles's sentence is procedurally unreasonable." Pyles, 482 F.3d at 288. Thus, our inquiry is limited to the substantive reasonableness of Pyles's sentence of five years probation. Applying our "deferential abuse-of-discretion standard," Gall 128 S. Ct. at 591, we conclude that the sentence was reasonable. We start by reiterating that the district court "included a twenty-two page statement" of reasons that was "well-written" and "analyzed in detail how the facts of Pyles's case comported with the sentencing factors of § 3553(a)." Pyles, 482 F.3d at 285. The district court

7

also "recognized that . . . [Pyles's] drug distribution offense was serious." Id.

In addition, we note that Gall offered guidance on several fronts that is useful in deciding this case. First, in Gall, the defendant, whose advisory Guidelines range was 30-37 months imprisonment, was sentenced to 36 months probation. Gall, 128 S. Ct. at 593. In approving this sentence, the Gall Court noted that "§ 3553(a)(3) directs the judge to consider sentences other than imprisonment," id. at 602, and, while "recogniz[ing] that custodial sentences are qualitatively more severe than probationary sentences of equivalent terms," the Court nevertheless concluded that "[o]ffenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty." Id. at 595.

Next, the Gall Court rejected (1) "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range;" and (2) "the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." Id. at 595.

Finally, in Kimbrough v. United States, 128 S. Ct. 558 (2007), the Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than

8

necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575.[2]

Giving due deference to the district court's sentencing decision, we cannot say that the district court's treatment of Pyles's case yielded an unreasonable sentence. The Gall Court has reminded us that probation, although less severe than incarceration, is not a "get-out-of-jail free card" either. Pyles, 482 F.3d at 292 (internal quotation marks omitted). Moreover, a proportional analysis of the type we applied in our earlier opinion, requiring more compelling reasons the greater the variance, is no longer appropriate. See Gall, 128 S. Ct. at 595. Finally, the simple fact that Pyles pleaded guilty to a crack cocaine offense does not, alone, mandate a more serious sentence. Kimbrough, 128 S. Ct. at 575.

In this case, the district court correctly calculated the advisory Guidelines range, considered the factors listed in § 3553(a), and entered its sentence in the course of a twenty-two page written opinion. In so doing, it did not abuse its discretion in sentencing Pyles to five years probation with six months home confinement.

---

[2]Indeed, in United States v. Pyles, 482 F.3d 282 (4th Cir. 2007), we relied upon United States v. Eura, 440 F.3d 625 (4th Cir. 2006) for the proposition that "'Congress has made a decision to treat crack cocaine dealers more severely' than dealers of other drugs, such as powder cocaine." Pyles, 482 F.3d at 291 (quoting Eura, 440 F.3d at 633). Eura, however, was abrogated by Kimbrough v. United States, 128 S. Ct. 558, 566 n.4 (2007).

III.

Accordingly, for the foregoing reasons, the judgment of the district court is

AFFIRMED.